## Stacy, et al. v. Feltner, et al.

(Decided March 15, 1911.)

### Appeal from Perry Circuit Court.

1. Land—Contract of Sale—Absence of Written Memorial—Parol Evidence—Validity.—The consideration of a contract for the sale of land, though not expressed in the written memorial of sale, may be shown by parol evidence.

2. Same—Title in Children—Sale by Father—Validity.—Where the children of F, by the death of their mother, became the equitable owners of her undivided half of a tract of land subject to the life estate of appellant S., they were entitled to have the legal title to such undivided half conveyed to them by appellant by a proper deed and any agreement by their father to rescind the contract was not binding upon them.

3. Rescission of Contract for Sale of Land—Validity.—Where appellant Stacy paid appellee Feltner $125 to rescind a contract for sale of a tract of land upon the idea that the agreement to rescind the contract was valid, it was but right that he should recover this sum of Feltner, and the circuit court properly gave him judgment therefor, and a lien upon Feltner's undivided half of the land described in his title bond to secure its payment.

E. E. HOGG, J. M. DIXON and C. W. NAPIER for appellant.

WOOTTON & MORGAN and GREENE & VANWINKLE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, Garrett Feltner, and his seven children, five of them infants suing by him as next friend, instituted this action in the court below to compel the specific performance by the appellants, Shade Stacy and Sarah Stacy, of a written contract or title bond by which they sold and covenanted to convey to the appellee, Garrett Feltner and his wife, Leah Feltner, certain lands therein described. The title bond was filed with and made a part of the petition.

It appears from the petition that Leah Feltner was a daughter of appellants, and that she died intestate before the institution of the action, but was survived by the seven children who united with their father in bringing it.

It also appears from the averments of the petition that the appellant, Shade Stacy, owned in Perry county six hundred acres of land situated on Upper Second Creek, a tributary of the Kentucky river, out of which, in 1892, he allotted to several of his children homes. To his daughter, Leah Feltner, he gave a small parcel, and to his sons, John Stacy and James Stacy, about a hundred acres each. The daughter and sons never received from their father deeds to the lands allotted them, respectively, but at once moved upon them.

About 1897, Leah Feltner and her husband exchanged the land which had been allotted her by her father to

John Stacy for the 100 acres he had received from his father, agreeing to give John $150 to make the exchange, which sum was to be paid him by the appellee, Garrett Feltner. The appellant, Shade Stacy, consented to this exchange, and by an agreement between him and John Stacy, the $150 to be received by John in the exchange was to be paid Shade Stacy by Garrett Feltner. Following the exchange, John Stacy moved to the land he got of his sister and she and her husband to the land they got of him. When the exchange of these lands was made James Stacy had not settled on the parcel of land allotted him by his father, or if so, he soon left it and was not in possession of it when the exchange of lands made by his brother and sisters took place, for at that time the appellant, Shade Stacy, sold the James Stacy land to appellee, Garrett Feltner, at the price of $125. When this was done Shade Stacy and his wife, the former then being the holder of the legal title to both the John Stacy and James Stacy tracts, executed to the appellee, Garrett Feltner, and his wife, Leah Feltner, the title bond which embraced both the John Stacy and James Stacy lands. By the terms of the title bond appellants obligated themselves to convey by deed to Garrett and Leah Feltner, jointly (i. e., an undivided half to each), the lands in question, reserving to the vendors a life estate therein.

It was alleged in the petition that appellants had refused to convey the lands, although the appellee, Garrett Feltner, had paid appellant, Shade Stacy, the $125 consideration for the James Stacy land, and also the $150 agreed to be paid on the exchange of land with John Stacy and which the latter assigned to his father. It was, therefore, asked in the prayer of the petition that appellants be compelled to convey in person, or by a commissioner and by proper deeds, subject to the life estate of appellants therein, the lands described in the title bond, an undivided half thereof to the appellee, Garrett Feltner, and the other half to the children of Leah Feltner, deceased.

The answer of appellants contained first a traverse of the affirmative matter of the petition; secondly, a plea of mistake in the title bond, in that it included more land in the boundary given than was sold the vendees named therein; and thirdly, that the contract evidenced by the title bond was, by agreement between the appellant,

Shade Stacy, and appellee, Garrett Feltner, rescinded in 1908, in consideration of $125 then paid by the former to the latter. The averments of the answer were controverted by reply and on the issues thus formed the parties took proof.

The circuit court upon submission of the case reached the conclusion that appellees were entitled to the relief prayed; hence, judgment was entered directing the master commissioner, acting for and on behalf of appellants, to make deeds conveying to appellees the land in controversy, an undivided half thereof to the appellee, Garrett Feltner, and a like interest to his seven children by Leah Feltner, such conveyances to be subject, however, to the life estate of the appellants in the land.

It was also adjudged that the appellant, Shade Stacy, was entitled to recover the $125 he paid the appellee, Garrett Feltner, to rescind the contract for the sale of the land, the court being of opinion that the agreement to rescind was unenforcible because not in writing; therefore, the appellant, Shade Stacy, was given judgment against the appellee, Garrett Feltner, for the $125, with interest from January 1, 1908, and a lien on his undivided half of the land to secure its payment. The commissioner was directed to sell such interest to satisfy the lien debt, if not immediately paid by the appellee, Garrett Feltner. Appellants being dissatisfied with the judgment have appealed.

Appellants' claim of a mistake in the title bond is not sustained by the evidence; we think it reasonably clear that it obligated them to convey no more than they covenanted to convey. The evidence also falls short of sustaining their contention that the appellee, Garrett Feltner, did not pay all of the $150 he was owing the appellant, Shade Stacy. It is true that the burden of proof as to this pyament was on appellees, and the appellee, Garrett Feltner, stated positively that he paid it as well as the $125 he owed for the James Stacy land. Its payment was denied by the appellant, Shade Stacy, but not in a convincing way; his testimony seems to be more directed toward proving that Feltner owed him on other transactions than for the land, and he did not satisfactorily controvert the more particular statements of Feltner as to how and when he paid for the John Stacy land. As Garrett Feltner can neither read nor write, and is ignorant of business methods, it is not surprising that he failed

to protect himself by securing receipts for what he paid. On the whole his testimony as to the payment of the $150 was more consistent and convincing than that offered by appellants in support of their denial of its payment.

We do not understand that appellant's evidence materially contradicts that of appellees as to the payment by Garrett Feltner, of the $125 for the James Stacy land; at any rate there was sufficient evidence to support the circuit court's finding that it had been paid.

Appellants' claim that the contract evidenced by the title bond was without consideration, was properly rejected by the circuit court. The title bond does not express the consideration, in the absence of which it might be supposed that the love and affection entertained by appellant for their daughter, Leah Feltner, was the consideration. But that there was a valuable consideration is amply shown by the evidence; this consideration was the exchange of lands between the appellee, Garrett Feltner, his wife, and John Stacy, the $150 paid by the appellee, Garrett Feltner, in such exchange, and the $125 paid by him for the James Stacy land. The consideration of a contract, though not expressed in the written memorial thereof, may be shown by parol evidence as was done in this case.

The circuit court also properly rejected appellant's contention that the contract evidenced by the title bond had been rescinded by agreement between the appellant, Shade Stacy, and the appellee, Garrett Feltner. It is true the appellant, Shade Stacy, testified that the appellee, Garrett Feltner, made an agreement with him to rescind the contract in consideration of his payment to Feltner of $125. This does not seem to be denied by Feltner, but he testified that the appellant, Shade Stacy, was to pay him a further sum for certain improvements he made upon the John Stacy land; though his statements were somewhat vague as to the sum to be paid and the character of the improvements for which he was to receive it. The court refused to enforce the alleged rescission because the agreement was in parol, and there was no surrender or cancellation of the title bond. Besides, the children of the appellee, Garrett Feltner, upon the death of their mother, became the equitable owners of her undivided half of the land, subject to appellant's life estate therein, and were entitled to have the legal title to such undivided half conveyed them by appellant

as provided by the bond; this being so any agreement that may have been made by their father to rescind the contract was not binding upon them.

As, according to the weight of the evidence, the appellant, Shade Stacy, paid the appellee, Garrett Feltner, $125 upon the idea that the agreement to rescind the contract was valid, it was but right that he should recover this sum of the appellee, Garrett Feltner, therefore the circuit court properly gave him judgment therefor and a lien upon Garrett Feltner's undivided half of the land described in the title bond to secure its payment.

We will not enter upon a consideration of other matters of indebtedness claimed by the appellant, Shade Stacy, to be due him from the appellee, Garrett Feltner. They had no connection with the contract with respect to the land, but were wholly independent transactions, and for such of this indebtedness as still exists the appellant, Shade Stacy, could not have been given a lien on the land, but must resort to the ordinary legal remedies to enforce its payment.

Being of opinion that the judgment contains an equitable adjustment of the rights of the parties and that it is substantially free from error, it is hereby affirmed.